# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEGRA CAMPBELL, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY JAIL, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-08072 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES

Allegra Campbell, Plaintiff Pro Se
7936 Montgomery Ave.
Elkins, Park PA 19027

**SIMANDLE, District Judge:**

1. Plaintiff Allegra Campbell seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**<u>Claims Against CCJ: Dismissed With Prejudice</u>**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

2

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 60 days of the date of this order.

## **Conditions Of Confinement Claims: Dismissed Without Prejudice**

8. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. As to the conditions of confinement claims, the present Complaint states: "I was brought to jail on a Friday night with a broken wrist, thumb, and hand and was told by the doctor at the hospital that I was to keep the sling on in order for mu injury to heal properly. I was also suffering a concussion. I was extremely light sensitive. I demanded medical attention and water. They wouldn't give me neither until after I was processed on Saturday. They made me take my sling off once I was brought to jail. They saw I had a cast on yet still put me in general populations "7 day." I was under the lights which caused me extreme pain and discomfort on top of not being able

4

to get to my prescribed medicine to alleviate the pain from the trauma. My first night I slept on the floor. They did not give me any medical attention when I would ask. On night finally a guard said "you shouldn't be in here (7th day general population" you visibly are injured) and she transferred me to the medical unit. I was deprived of my rights. 8th amendment. They also had black mold along windows wall and showers (major health hazard)." Complaint § III(C).

    10. Plaintiff states this occurred between February 22, 2015 and March 2, 2015. *Id*. § III(B)

    11. Plaintiff states, "My hand/ wrist/ thumb (left dominant) had not healed properly. It gets weak and sometimes gives out on me. I went to therapy, after my release (once I got my 2nd cast set off) I had to get a new cast on because the injury was not going to be healed without proper setting. My therapist treated me for some months but we decided to part ways when I realized the strength and stiffness in my was not getting better. I still cannot move my thumb across my palm without my fingers bunching up. I can feel my nerve damage. I still cannot open a canned jar." *Id*. § IV.

    12. With respect to requested relief, Plaintiff states she "would like to receive my wholeness. I have been damaged. I'm seeking $25,000 to compensate as a partial relief. I am wounded." *Id*. § V.

13. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding which did not allow for Plaintiff to be seen by medical, any such purported claims must be dismissed because the Complaint does not name specific individuals who are responsible for these conditions. As discussed above, the CCCF is a not a "person" who can be held responsible for these claims. Plaintiff has to name individuals or the positions held by individuals who are responsible for these claims. Plaintiff may amend her complaint to name any specific individuals who were involved in creating or failing to remedy the conditions of confinement and any other relevant facts regarding the conditions of confinement, etc. It is not enough to list "CCCF" as the defendant.

**Conditions Of Confinement Claim - Allegations Of Inadequate Medical Care: Dismissed Without Prejudice**

14. Further, Plaintiff alleges a denial of adequate medical care. However, Plaintiff does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

15. Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a

short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3). While *pro se* complaints are construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), *pro se* litigants nevertheless must still allege facts, taken as true, to suggest the required elements of the claims asserted. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States*, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

16. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only

when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

17. Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

18. To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that his medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider factors such

as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

19. The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[,] *Nicini v. Morra*, 212 F.3d 798, 815 n. 14 (3d Cir. 2000) [and] in situations where 'necessary medical treatment is delayed for non-medical reasons.' *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)[,] [*cert. denied*, 486 U.S. 1006 (1988)]." *Natale*, 318 F.3d at 582.

20. While the Court will accept as true for screening purposes that the injury Plaintiff states she suffered was of a nature and extent that satisfies the "serious condition" prong of a Fourteenth Amendment claim (*Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). However, Plaintiff's Complaint sets forth insufficient facts alleging that an individual at CCCF demonstrated "deliberate indifference" to these injuries during her incarceration (*i.e.*, the second prong for a Fourteenth Amendment inadequate medical care claim). *Estelle*, 429 U.S. at 106. This second *Estelle* element "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

21. Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison

officials ignored that evidence[.] *Nicini v. Morra*, 212 F.3d 798, 815 n.14 (3d Cir. 2000)." *Natale*, 318 F.3d at 582.

22. Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for inadequate medical care of her injury while incarcerated at CCJ. These claims will be dismissed without prejudice, with leave to amend the Complaint to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim with respect to deliberate indifference.

23. Plaintiff is informed that should she elect to amend the Complaint some relevant factors she may consider amending in her complaint include any specific individuals who were involved in creating the conditions in which she was confined or any individuals who exhibited indifference to her medical needs, any information regarding any results or effects that the lack of medical attention caused Plaintiff to sustain, what if any actions were taken by Plaintiff in regards to informing staff as to her condition, etc.

24. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

the Court shall grant Plaintiff leave to amend the Complaint within 60 days of the date of this order.[3]

25. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

26. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

[3] The amended complaint shall be subject to screening prior to service.

27. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ; and (b) dismissed without prejudice for failure to state a claim.

28. An appropriate order follows.

**October 19, 2017**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge