```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALLEGRA CAMPBELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-8072(JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES:

Allegra Campbell, Plaintiff Pro Se
7936 Montgomery Avenue
Elkins Park, PA 19027

**SIMANDLE, District Judge:**

# I. INTRODUCTION

1.  Plaintiff Allegra Campbell seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. (Complaint, Docket Entry 1.)

2.  At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

# II. BACKGROUND

3.  The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.

The Court has made no findings as to the truth or merits of any of Plaintiff's allegations in the Complaint.

4. Plaintiff alleges she endured unconstitutional conditions of confinement in CCJ due to an overcrowded and unsanitary facility where she was denied medical care. (Complaint § III(C) (" . . . I slept on the floor. They did not give me any medical attention when I would ask . . . They also had black mold along windows, walls & showers").)

5. Plaintiff alleges that these events occurred during "February 27, 2015 to March 2, 2015." (*Id.* § III(B).)

6. Plaintiff alleges that she suffers ongoing left-hand mobility and pain issues from a break that occurred and was casted prior to her incarceration but did not heal properly during or after her detainment at CCJ. (*Id.* § IV.)

7. Plaintiff seeks $25,000 in relief. (*Id.* § V.)

III. **STANDARD OF REVIEW**

8. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

9. To survive *sua sponte* screening,[1] the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). While *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

### A. Claims Against CCJ: Dismissed With Prejudice

10. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's constitutional

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)).

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

rights. To state a claim for relief under § 1983, a plaintiff must allege: (a) the violation of a right secured by the Constitution or laws of the United States; and (b) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

11. CCJ, who is the Complaint's named defendant, is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983"); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

12. Given that CCJ is not a "person" for § 1983 purposes, the Complaint's claims against CCJ must be dismissed with prejudice.

    B. **Conditions Of Confinement Claims**

    **1. Overcrowding Claim: Dismissed Without Prejudice**

13. The Complaint states: "My first night I slept on the floor." (Complaint § III(C) (referred to as Plaintiff's "Overcrowding Claim").)

---

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

14. The Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation from overcrowding has occurred in order to survive this Court's review under § 1915.

15. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)).

16. Here, the Complaint's cursory contention of "[m]y first night I slept on the floor" (Complaint § III(C)) does not meet the pleading requirements to state a plausible cause of action for unconstitutional overcrowding. The Overcrowding Claim is therefore dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

   **2. Inadequate Medical Care Claim: Dismissed Without Prejudice**

17. Plaintiff claims that she "was brought to jail with a broken wrist, thumb, and hand and was told by the doctor at the hospital that I was to keep the sling on in order for my injury to heal properly . . . They wouldn't give me [medical attention] until after I was processed on Saturday. They made me take my sling off once I was brought to jail. They saw I had a cast on yet still put me in general population's '7th Day' . . . They did not give me any medical attention when I would ask. One night, finally, a guard said 'you shouldn't be in here (7th Day General Population). You are visibly injured[,]' and she transferred me to the medical unit." (Complaint § III(C) (referred to as "Inadequate Medical Care Claim").)

18. The Complaint does not allege sufficient facts supporting a reasonable inference that a constitutional violation from inadequate medical care has occurred.

19. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). In the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements: (a) a serious medical need; and (b) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

20. To satisfy *Estelle*'s first prong, an inmate must demonstrate that her medical needs are serious. *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

21. *Estelle*'s second element is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *4 (D.N.J. June 27, 2005) (citing *Natale*, 318 F.3d at 582).

22. Here, Plaintiff's cursory contentions of no "medical attention . . . until after I was processed" and of "transfer to the medical unit . . . one night finally [when] a guard said 'you shouldn't be in here, you are visibly injured'" (Complaint § III(C)) are insufficient to establish a Fourteenth Amendment

inadequate medical care claim. Plaintiff "was brought to jail with a broken hand" that had been casted prior to arriving at CCJ. (*Id.*) Thus, any "serious need" of broken bone care was addressed pre-incarceration. She does not specify how being "under the lights" (*id.*) worsened her broken hand, whether she communicated such purported "light sensitiv[ity]" (*id.*) to CCJ personnel, or how being in a room with lights was anything other than a reasonable measure by CCJ to maintain order and safety in the facility. Furthermore, Plaintiff's acknowledgment of the CCJ guard's transfer of her "to the medical unit" upon noticing Plaintiff's cast negates any reasonable inference of "deliberate indifference" to Plaintiff's medical condition. Accordingly, the Inadequate Medical Care Claim is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### 3. **Uncleanly Conditions Claim: Dismissed Without Prejudice**

23. Plaintiff alleges: "They also had black mold along windows, walls & showers (major health hazard!)." (Complaint § III(C) (referred to as Plaintiff's "Uncleanly Conditions Claim").)

24. The Complaint does not allege sufficient facts to satisfy either the objective or subjective components of the Fourteenth Amendment Due Process analysis pertinent to the

Uncleanly Conditions Claim, as explained in the paragraphs below.

25. A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997). Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). When a pretrial detainee complains about the conditions of her confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) ("*Hubbard I*"). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Id*. at 159-60 (citations omitted).

26. The objective component of this unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious," and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)

9

(citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

27. Here, Plaintiff's Uncleanly Conditions Claim does not satisfy either the objective or subjective components of the Fourteenth Amendment Due Process analysis.

28. As to the test's objective prong, Plaintiff does not offer any facts demonstrating that she was subjected to genuine privation and hardship over an extended period of time. While unsanitary living conditions may give rise to a conditions of confinement claim, the Complaint here expresses nothing but Plaintiff's displeasure with less than perfect jail conditions. Plaintiff does not offer any facts showing that the supposed condition potentially jeopardized her health. In fact, Plaintiff does not allege any mold-related injuries. (Complaint § IV.)

29. As to the constitutional test's subjective prong, Plaintiff has failed to allege facts showing, or from which this Court could infer, that any CCJ personnel were aware of, and disregarded, a substantial risk to her health and safety from uncleanly conditions. Plaintiff's displeasure with conditions she lists is not actionable; there are no facts indicating any jail personnel acted with a culpable state of mind. Plaintiff has not offered facts plausibly suggesting that moldy conditions were imposed by CCJ as "punishment."

30. Accordingly, the Uncleanly Conditions Claim is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

31. As to Plaintiff's three conditions of confinement claims (i.e., Overcrowding, Inadequate Medical Care, and Uncleanly Conditions), she may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, that were excessive in relation to their purposes, that exhibited deliberate indifference by prison personnel to a serious medical need, and/or that posed a substantial risk to her health and safety. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date that this Opinion and Order are entered on the docket.[3]

32. Plaintiff is further advised that any amended complaint must plead specific facts regarding the overcrowded conditions of confinement, inadequate medical care, and unclean living conditions. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a

---

[3] The amended complaint shall be subject to screening prior to service.

reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

33. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

## V. CONCLUSION

For the reasons stated above:

(1) the Complaint's claims against CCJ are dismissed with prejudice; and

(2) the Complaint's conditions of confinement claims as to (a) overcrowding, (b) inadequate medical care, and (c) unclean living space are dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

An appropriate order follows.

**April 23, 2018**             **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                            U.S. District Judge